IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON EUGENE DEOCAMPO, et al.,

    Plaintiffs,              CIV. NO. S-06-1283 WBS GGH

    vs.

CITY OF VALLEJO, et al.,

    Defendants.            ORDER

_____/

        The parties submitted on May 8, 2007, a proposed stipulation and order regarding confidentiality and sealing of documents in this litigation, and agreeing to submit documents to the court for *in camera* review.

    I. Filing Documents Under Seal

        Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery, and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S. Ct. 2199 (1984). Id. at 33, 37, 104 S. Ct.

1

1         Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

    "Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

    Some proposed protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal. Especially inappropriate in the proposed protective order submitted herein is a requirement that any motion to seal may be brought on shortened time.

    Accordingly, the proposed protective order is disapproved, and will not be signed.

---

26  at 2207, 2209.

1  Any further attempt to have the court enter a protective order shall contain provisions requiring a
2  submission by the party attempting to have a particular document/filing submitted under seal
3  which demonstrates good cause for the document/filing sought to be sealed in whole or in part.

    II. <u>Documents to be Submitted for *In Camera* Review</u>

The parties have stipulated to produce certain categories of documents to the court for *in camera* review. They state that this court will then issue an order requiring any documents subject to production to be produced to plaintiffs' counsel by June 8, 2007, which is the discovery cutoff. The parties have outlined the categories of documents which they stipulate will be produced to the court; however, defendants have not framed objections, and neither party has made an argument in favor of or against production. The court cannot frame an objection for a party and then rule upon it.

The court will accept documents for *in camera* review; however, objections must accompany the documents, and they must be bona fide objections, i.e., objections to which defendants would be prepared to submit argument in support. Nominal or "for the record" objections will not be accepted and will be grounds for sanctions. In light of the above, in camera documents submitted to the court should be pared down as much as possible.[2]

Accordingly, IT IS ORDERED that:

1. The stipulated protective order, lodged May 8, 2007 is denied;

2. Defendants shall submit documents for *in camera* review within 15 days of this order, along with applicable substantive objections.

DATED: 5/14/07          /s/ Gregory G. Hollows

                                               UNITED STATES MAGISTRATE JUDGE

GGH:076
Deocampo1283.pro.wpd

---

[2] To the extent that no bona fide objections can or will be made, the documents should simply be disclosed pursuant to an appropriate protective order.

3