UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JASON EUGENE DEOCAMPO; JESUS SEBASTIAN GRANT; and JAQUEZS TYREE BERRY,

        Plaintiffs,

   v.

CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; JASON POTTS, individually, and in his capacity as a Vallejo police officer; JEREMY PATZER, individually, and in his capacity as a Vallejo police officer; ERIC JENSEN, individually, and in his capacity as a Vallejo police officer; and DOES 1 through 25, inclusive,

        Defendants.

NO. CIV. S-06-01283 WBS GGH

ORDER RE: MOTION TO BIFURCATE TRIAL AND STAY DISCOVERY

----oo0oo----

        This is an action, pursuant to 42 U.S.C. § 1983, as well as supplemental state law claims, to recover damages arising out of several alleged incidents of improper conduct by city police officers.  Defendants are the City of Vallejo, Vallejo

1

Police Chief Robert Nichelini, Vallejo Police Officers Jason Potts, Jeremy Patzer, and Eric Jensen ("defendants"). Before the court is defendants' motion to bifurcate the trial and stay discovery of all Monell-related claims until after the trial of plaintiffs' non-Monell claims.[1]

Fed. R. Civ. P. 42(b) grants district courts the discretion to bifurcate claims in a single action. It provides that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues, always preserving the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b); See also Arthur Young & Co. v. U.S. Dist. Court, 549 F.2d 686, 697 (9th Cir. 1977). However, absent some experience demonstrating the worth of bifurcation, "separation of issues for trial is not to be routinely ordered." Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 42(b).

Plaintiffs have a right to sue whichever parties they wish, regardless of whether the defendants, or even the court, may think that the inclusion of some defendants may be of little or no practical economic benefit to plaintiffs. There may also be non-economic benefits that plaintiffs could obtain from suing

---

[1] Monell refers to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), in which the Supreme Court held that a municipality can be sued under 42 U.S.C. § 1983 when execution of a government policy or custom results in a violation of constitutional rights.

2

the municipality in addition to the individual officers.  As one district court observed, "[d]epending on the size of the verdict and the size of the municipality, as well as other factors, a judgment against a police officer (even one paid for by the municipality) may be less likely to prompt the municipality to act to prevent future violations than a judgment naming the municipality itself as responsible based on its policies and customs."  Medina v. City of Chicago, 100 F. Supp. 2d 893, 896 (N.D. Ill. 2000).

That given, the court cannot assume, as defendants suggest, that the Monell claims will simply go away after the claims against the individual officers are tried.  Regardless of whether plaintiffs win or lose on their claims against the officers, there is no assurance that plaintiffs would voluntary abandon their claims against the city, and there has been no showing at this stage of the proceedings that the city would necessarily be entitled to judgment as a matter of law.  Under these circumstances, defendants' suggestion is wholly unworkable. Should plaintiffs wish and be able to proceed on their Monell-related claims after the trial of the claims against the individual defendants, the court would either have to impanel a second jury or return the first jury after the several months that it would take to complete discovery on the Monell-related claims.  The court declines to exercise its discretion to do that.

///

///

///

3

IT IS THEREFORE ORDERED that defendants' motion to bifurcate the trial and to stay discovery on all <u>Monell</u>-related claims until the conclusion of trial on the claims against the individual defendants be, and the same hereby is, DENIED.

DATED:  June 1, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE