-JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486  41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile:  (510) 420-0324

Attorneys for Plaintiffs

JAMES V. FITZGERALD, III, Esq./ State Bar # 55632
NOAH G. BLECHMAN, Esq./ State Bar # 197167
McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA 94596
Telephone:  (925) 939-5330
Facsimile:   (925) 939-0203

Attorneys for Defendants CITY OF VALLEJO; ROBERT NICHELINI; JASON POTTS; and JEREMY PATZER

MARK A. JONES, Esq./ State Bar # 96494
JENNIFER C. COMILANG, Esq./ State Bar # 210158
JONES & DYER
1800 J Street
Sacramento, CA 95814
Telephone: (916) 552-5959
Facsimile:  (916) 442-5959

Attorneys for Defendant, ERIC JENSEN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EUGENE DEOCAMPO; JESUS SEBASTIAN GRANT; and JAQUEZS TYREE BERRY,<br><br>           Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; JASON POTTS, individually, and in his capacity as a Vallejo police officer; JEREMY PATZER, individually, and in his capacity as a Vallejo police officer; ERIC JENSEN, individually, and in his capacity as a Vallejo police officer; and, DOES 1 through 25, inclusive,<br>           Defendants.          / | No. 2:06-CV-01283-WBS-GGH<br><br>**STIPULATION AND ORDER EXTENDING CUT-OFF DATES FOR DISCOVERY** |

All parties to this action Stipulate and agree, by and through their respective counsel, as follows:

1. Defendants' Motion to Bifurcate Trial and Discovery of All Monell-Related Claims came on for hearing on 5-29-07;

2. The Court orally ruled after hearing the Motion on 5-29-07, that Defendants' Motion to Bifurcate Trial and Discovery of All Monell-Related Claims was denied, and Judge William B. Shubb stated that he would be issuing his written Order on said Motion;

3. The Court also orally ruled after hearing the Motion on 5-29-07, that defendants were to serve to plaintiffs' counsel responsive documents and Responses to Plaintiff's Request for Production of Documents, served on 3-27-07, by 6-8-07; and, ruled that defendants were to allow plaintiffs' counsel to depose defendant Chief ROBERT NICHELINI by 6-8-07, whose Notice of Deposition was served on defendants on 3-27-07, which noticed said deposition for 4-27-07;

4. The three named defendant police officers have been deposed on 6-7-07 by plaintiffs' counsel;

5.  Witnesses were deposed on 5-30-07; 6-1-07; and 6-6-07;

6.  All three plaintiffs have been deposed;

7. The parties have served Initial Disclosures.  Plaintiffs served Request for Production of Documents; Special Interrogatories; Amended Request for Production of Documents; Amended Special Interrogatories; and Notices of Deposition to defendant police officers JEREMY PATZER; JASON POTTS; and ERIC JENSEN.  Defendants have served Responses to the above written discovery, except for the Amended discovery, which will be fulfilled by producing items pursuant to a Stipulated Protective Order;

8. Plaintiffs served Request for Production of Documents to Defendant CITY on 3-27-07, which calls for Monell-related discovery; and Notice of Deposition to defendant Chief ROBERT NICHELINI for deposition on 4-27-07 with Request for Production of Documents, served 3-27-07, which calls for Monell-related discovery;

9. Defendants served by mail on 5-3-07, extensive written discovery to plaintiffs: Twelve (12) Requests for Production of Documents; twelve (12) Requests for Admissions; and twelve (12) Special Interrogatories.  Plaintiffs Responses to this discovery is presently due on 6-7-07, thirty-five

days after defendants' service by mail of the documents.  However, the defendants have agreed to allow plaintiffs until 6-29-07 to serve plaintiffs' Responses to this extensive written discovery;

    10.  After extensive debate about production and discovery, starting on 3-10-07, with a letter from Ms. Libet to defense counsel, the parties have entered into a Stipulation regarding production of documents which defendants claim are confidential and privileged, filed 5-8-07, for production of certain disputed items for in camera review and subsequent Order by Honorable Gregory G. Hollows;

    11.  Defendants have produced the documents regarding prior similar misconduct, complaints, investigations, findings, and discipline of the defendant police officers involved in the subject incident, pursuant to the Stipulation filed on 5-8-07.  These documents were produced to Judge Hollows for his review, and then an Order was issued on 6-1-07 which instructed defendant CITY to provide any or all of such documents to plaintiffs.  The Stipulation stated that plaintiffs were to receive any such documents as might be ordered by 6-8-07, which is the presently scheduled non-expert discovery cut-off date in this case.

    12.  The Court issued a ruling on 6-1-07, ordering defendants to produce most of the files reviewed in camera to plaintiffs' counsel by June 5th 2007.  Defendants, with plaintiffs agreement, produced said files to plaintiffs' counsel on June 6th 2007;

    13.  A letter, dated 5-1-07, was prepared by Ms. Libet and sent to defense counsel, which confirmed the mutual agreement of plaintiffs' and defendants' counsel regarding discovery matters arrived at in counsel's joint "meet and confer" telephone conference on 5-1-07;

    14.  Mr. Blechman prepared a letter, dated 5-8-07, which he submitted to Judge Holloway, along with the production of documents for in camera review;

    15.  Most of plaintiffs' medical records have been obtained by all parties.  An I.M.E. has been conducted for plaintiff JASON DEOCAMPO on 5-30-07, who recently had surgery to his left knee which was an outcome of his initial injuries from the subject incident.  More medical records need to be obtained for this plaintiff, who is presently being treated in physical therapy, which he started on 5-8-07, and which is supposed to last for at least 24 visits.  He was referred for this physical therapy by the V.A. Hospital in S.F., where he had his left knee surgery on 3-5-07;

16. The parties have also ordered, and received on June 5, 2007, the portion of the criminal trial transcript which contained the testimony of the three (3) named defendant officers; the Judge's conversations with counsel on various matter; and the Judge's oral rulings on various matter, from the criminal case that was brought against plaintiffs due to the subject incident. Plaintiffs' counsel, John L. Burris, Esq., has agreed to pay to defense counsel half the cost they paid to Ms. Welch, criminal court reporter, for the above-referenced portion of the criminal trial transcript- the total amount defendants' attorneys, McNamara law firm, paid to Ms. Welch was: $ 865.20. Hence, Mr. Burris will pay to defense counsel , McNamara law firm, the amount of:  $ 432.60;

17. Plaintiffs have produced seven (7) witness statements to defense counsel;

18. The dates presently set in this case by Court Order, are as follows: Non-discovery cut-off date is 6-8-07; Dispositive motions cut-off date is 7-2-07; Expert disclosure and reports are due on 7-9-07; Rebuttal experts and reports are due on 7-27-07; Expert discovery cut-off date is 8-8-07; Settlement Conference and Pretrial Conference are set for 9-24-07; and, Trial is set for 11-6-07;

19. The parties request that all non-expert and expert discovery cut-off dates be extended for one month, and in the case of non-expert discovery cut-off, one month and one week, for the following reasons:

(A) Since plaintiffs' counsel did not receive defendants' service of responsive documents and Responses to Plaintiff's Request for Production of Documents until 6-14-07, there was no time left, under the present cut-off date of 6-8-07 for non-expert discovery, for plaintiffs' counsel to schedule and take depositions of any municipal defendants revealed by defendants' responses as having been involved in training, discipline, supervision, hiring, or retention of named defendant officers;

(B) Plaintiffs' counsel were unable to take ROBERT NICHELINI's deposition before 6-8-07, since the last dates before June 8th were almost entirely filled with other depositions in this case, and other commitments of counsel in other cases, including court dates and depositions;

(C ) Even if ROBERT NICHELINI's deposition had been taken by 6-8-07, there would be no time left to conduct any further discovery which his deposition would cause plaintiffs' counsel to find it important to conduct;

(D) Since plaintiffs' counsel just recently received the documents that Judge Hollows has ordered produced by defendants on 6-6-07, there was no time left under the present cut-off date of

<u>6-8-07</u> for non-expert discovery for plaintiffs' counsel to locate, schedule, and take depositions of complainants of or witnesses to incidents of prior similar misconduct by the named defendant police officers, in the areas of excessive force, wrongful arrest, and/or racially motivated misconduct, which were involved in the subject incident;

   (E) Likewise, after production of documents and Responses to written <u>Monell</u>-related discovery were served by defendants on <u>6-14-07</u>, there was no time left for plaintiffs' counsel to conduct further discovery made necessary by said production and responses, nor will there be time to then give all the materials gathered during said discovery to expert witnesses for their review and initial reports, under the presently scheduled expert witness disclosure and service of expert witnesses' reports due date of <u>7-9-07</u>. and,

   (F)  Lead counsel for plaintiffs, John L. Burris, Esq., (with approval of all other plaintiffs' counsel, Gayla B. Libet, Esq.), and lead counsel of defendants (with approval of all other defense counsel, Noah G. Blechman, Esq., and Mark A. Jones, Esq., have agreed to the following:

   (1)  Defendants had to serve their <u>Monell</u>-related Responses to Discovery by <u>June 14th 2007</u>, (instead of by <u>June 8th 2007</u>);

   (2)  After production of documents and Responses to written <u>Monell</u>-related discovery were served by defendants on <u>6-14-07</u>, plaintiffs' counsel has until <u>6-25-07</u> to review said Responses and documents, and serve no more than three (3) Notices of Deposition on defendants, which depositions are to be scheduled to take place <u>within the week of July 9th through 13th, 2007</u> (The first week after Mr. Burris returns from his vacation on <u>7-7-07</u>)

   Re-Notice of Deposition of defendant Chief of Police, ROBERT NICHELINI will be deemed as one (1) of the three (3) Notices of Deposition that plaintiffs' counsel will serve by <u>6-25-07</u>. Hence, counsel for all parties have agreed to take the following three (3) depositions <u>during the week of July 9th through 13th, 2007</u>:

      (A)  Defendant Chief of Police for City of Vallejo, ROBERT NICHELINI;

      (B)  Sgt. STEVE GORDON, Vallejo Police Officer; and,

      (C ) Corporal KEVIN HAMRICK, Vallejo Police Officer.

Defendants have agreed to produce STEVE GORDON and KEVIN HAMRICK for their depositions, without service of any Civil Subpoena on them; to produce defendant ROBERT NICHELINI for his deposition, all at dates to be chosen during the above-referenced time period;

(3)  Counsel for all parties were unable to complete the depositions of four of the eleven (11) witness depositions which were noticed by plaintiffs' counsel, and which were held on 5-30-07; 6-1-07; and 6-6-07 at Mr. Burris' office.  Hence, counsel for all parties have agreed to re-schedule taking the following witness' depositions, on the following dates:

    (a) Valerie Elaine Smith:   7-2-07 at 9:30 a.m., at defense counsel's Fairfield office;

    (b) Andre P. Gowans:   7-2-07 at 1:00 p.m., at defense counsel's Fairfield office;

    (c) David Matthews:   7-3-07 at 9:30 a.m., by phone call to the witness' residence, since he is under physician's orders to stay at home for the time being; and,

    (d) Frank Flowers:   7-3-07 at 1:00 p.m., at defense counsel's Fairfield office.

(4)  Plaintiffs' counsel must serve all Plaintiffs' Responses to all of defendants' written discovery, by no later than 6-29-07.

Respectfully submitted,

LAW OFFICES OF GAYLA B. LIBET


Dated:_____  By:_____
                                     GAYLA B. LIBET, Esq.
                                     Attorneys for Plaintiffs


LAW OFFICES OF JOHN L. BURRIS


Dated:_____  By:_____
                                     JOHN L. BURRIS, Esq.
                                   Attorneys for Plaintiffs


McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP

Dated:_____  By:_____
                               JAMES V. FITZGERALD, III, Esq.
                               NOAH BLECHMAN, Esq.
                               Attorneys for Defendants


JONES & DYER


Dated:_____  By:_____
                               MARK A. JONES, Esq.
                               Attorneys for Defendant, ERIC JENSEN


**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

The new cut-off dates for discovery in this case, are now set by Court Order, are as follows:

~~Non-~~Discovery cut-off date is  7-8-07  (except that plaintiffs may take the depositions of Defendant Chief of Police for City of Vallejo, ROBERT NICHELINI; Sgt. STEVE GORDON; and, Corporal KEVIN HAMRICK <u>so that they are completed by no later than July 13, 2007</u>); ~~Dispositive motions cut-off date is  8-2-07~~ -- old date remains; Expert disclosure and reports are due on  8-9-07; Rebuttal experts and reports are due on  8-27-07 ; Expert discovery cut-off date is <u>9-8-07</u>; Settlement Conference and Pretrial Conference are set for <u>9-24-07</u> ; and, Trial is set for <u>11-6-07</u>.


Dated:  7/2/07                      /s/ Gregory G. Hollows
                                    U.S. Magistrate Judge