JAMES V. FITZGERALD, III, Esq./ State Bar # 55632
NOAH G. BLECHMAN, Esq./ State Bar # 197167
McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER,
BORGES & BROTHERS LLP
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants CITY OF VALLEJO; ROBERT NICHELINI;
JASON POTTS; AND JEREMY PATZER

MARK A. JONES, Esq./ State Bar # 96494
JENNIFER C. COMILANG, Esq./ State Bar # 210158
JONES & DYER
1800 J Street
Sacramento, CA 95814
Telephone: (916) 552-5959
Facsimile: (916) 442-5959

Attorneys for Defendant ERIC JENSEN

JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EUGENE DEOCAMPO; JESUS SEBASTIAN GRANT; and JAQUEZS TYREE BERRY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; JASON POTTS, individually, and in his capacity as a Vallejo police officer; JEREMY PATZER, individually, and in his capacity as a Vallejo police officer; ERIC JENSEN, individually, and in his capacity as a Vallejo police officer; and, DOES 1 through 25, inclusive,<br>Defendants. / | No. 2:06-CV-01283-WBS-GGH<br><br>**STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS ALLEGED TO BE CONFIDENTIAL AND/OR PRIVILEGED BY DEFENDANTS** |

IT IS HEREBY STIPULATED between the parties to this action, by and through their respective counsel, as follows:

STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS
ALLEGED TO BE CONFIDENTIAL AND/OR PRIVILEGED BY DEFENDANTS

1

I. Pursuant to the Court's Orders of <u>5-14-07</u>, and <u>6-1-07</u> (after in camera review of documents produced by defendants with objections) regarding production of documents alleged to be confidential and/or privileged by defendants, defendants will produce the following documents to plaintiffs by <u>June 6, 2007</u>, which are responsive to plaintiffs' written discovery, as follows:

(A)  In response to Plaintiffs' Amended Request for Production of Documents to Defendant City of Vallejo, Numbers 1-8, served on 3-20-07; and, Plaintiffs' Special Interrogatories to Defendant City of Vallejo, Numbers 4, 5, and 6, served on 1-8-07, defendants will produce to plaintiffs the following documents:

<u>Internal Affairs File Underlying This Action (#2003-06)</u>:

Except for a portion of that file that refers to individuals who are not parties to this action, a 19 page report located near the end of this I.A. file, which is dated "3/31/2003: 13:00:51", on the first page, and which contains CLETS information regarding the plaintiff in this case, but also identifes non-parties.  Defendants shall redact any identifying information of individuals not parties to this action from this report and then produce the entirety of I.A. file #2003-06;

(B)  In response to Plaintiffs' Amended Request for Production of Documents to Defendant City of Vallejo, Numbers 9 and 13, served on 3-20-07; Plaintiffs' Request for Production of Documents to Defendant City of Vallejo, Numbers 16-20, served on 1-8-07; and, Plaintiffs' Special Interrogatories to Defendant City of Vallejo, Numbers 2, 11, and 12, served on 1-8-07, defendants will produce to plaintiffs the following documents:

<u>Training Logs</u>:

Documents identified as training logs for named defendant police officers Jeremy Patzer, Jason Potts, and Eric Jensen shall be produced in full;

(C)  In response to Plaintiffs' Amended Request for Production of Documents to Defendant City of Vallejo, Numbers 10, 13, and 14, served on 3-20-07; and, Plaintiffs' Special Interrogatories to Defendant City of Vallejo, Numbers 2, 4, 6, and 7, served on 1-8-07, defendants will produce to plaintiffs the following documents:

<u>Personnel Files</u>:

The following portions of the personnel files of named defendant police officers Jeremy Patzer, Jason Potts, and Eric Jensen:   Performance Reports for Jeremy Patzer, dated 7-23-04 through 7-23-05; and dated 7-23-03 through 7-23-04; Counseling Memo for Jeremy Patzer, dated 8-26-05; Performance Report for Jason Potts, dated 12-4-03 through 12-4-04; Performance Report for Eric Jensen, dated 5-6-03 through 5-6-04;

(D)  In response to Plaintiffs' Amended Request for Production of Documents to Defendant City of Vallejo, Numbers 10, 11, 12, and 14, served on 3-20-07; and, Plaintiffs' Amended Special Interrogatories, Number 6, served on 3-20-07, defendants will produce to plaintiffs the following documents:

<u>Other Citizen Complaints and Internal Affairs Investigations:</u>

Files numbered # 2002-28 (Citizen Complaint); # 2002-16 (Internal Affairs Investigation); and # 2003-03 (Internal Affairs Investigation), involve allegations of excessive force for incidents which occurred close in time to the subject incident at issue in this case.  Therefore, they are relevant files and shall be produced;

II.  The parties agree that, by no later than <u>June 20, 2007</u>, which is within fourteen (14) days after plaintiffs' counsel's received the above-referenced documents on <u>June 6, 2007</u>, pursuant to Order issued by Judge Holloway of <u>June 1, 2007</u>, plaintiffs may seek additional documents and tangible items referenced in such production of documents;

The term "document" means:  Any written, printed, typed, recorded or graphic matter, whether in draft form or otherwise, including but not limited to: memoranda, reports, notes, correspondence, employment records, contracts, agreements, cancelled or uncancelled checks, tapes, photographs, or other audio or video recordings;

III.  Plaintiffs and defendants, by and through their respective counsel of record, hereby further stipulate to the entry of the following terms regarding the disclosure and production of the above-referenced categories of documents, ordered produced by Judge Hollows, after in camera review:

(A)  The documents produced pursuant to this Stipulated Protective Order are "confidential." "Confidential" information is information which has not been made public and is privileged and confidential, and protected from public disclosure under applicable law;

(B)  Confidential documents shall be so designated by stamping copies of documents produced to a party with the legend: "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate all pages of the document or document package as confidential, unless otherwise indicated by the producing party;

(C )  Material designated as confidential under this order; the information contained therein; and any summaries, copies, abstracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material") shall be used only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose.  Plaintiffs and their

ALLEGED TO BE CONFIDENTIAL AND/OR PRIVILEGED BY DEFENDANTS

3

counsel and agents shall not disclose, release, or otherwise publish any confidential material except as necessary in this litigation;

(D) Confidential material produced pursuant to this Stipulated Protective Order may be disclosed or made available only to the Court; parties in this action; counsel for parties in this action (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below, but only pertaining to issues and parties involved in this action:

    1. Experts or consultants (together with their clerical staff) retained by counsel for the parties to assist in the prosecution, defense, or settlement of this action;

    2. Court reporters employed in this action;

    3. Witnesses at any deposition or proceedings in this action, other than the defendant police officers; and,

    4. Any other person as to whom the parties mutually agree, in writing.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which is attached and which shall be maintained by the counsel who is providing the materials;

(E) The portion of any depositions in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above, and may be designated confidential and privileged in this action, per the agreement of all relevant counsel;

(F) Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Receipt by any party of any confidential information shall not be either an admission or claim that the information is private, confidential, proprietary, and/or a trade secret, as asserted by the propounding party, nor an admission with respect to the authenticity, competency, relevance, or materiality thereof;

(G) Exhibits or other documents that are designated by the parties as Confidential shall be lodged under seal with a showing of "good cause" to the Court. If the filing party believes that Confidential Information is necessary to adjudicate the matter, the filing party must file the document with the Court in a sealed envelope with the following label:

    **"Confidential Information Filed Under Seal Pursuant to Protective Order**

STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS
ALLEGED TO BE CONFIDENTIAL AND/OR PRIVILEGED BY DEFENDANTS

4

**Jason DeOcampo, et al. v. City of Vallejo, et al., Action No. CV-01283-WBS-GGH"**

After the filing party has conditionally lodged the Confidential Information under seal with the Court, any party or non-party with an interest in maintaining the confidentiality of the Information or material identified as "Confidential" may file a motion to seal pursuant to Local Rule 79-5. Any motion to seal must be heard prior to or at the same time as the related motion or matter. <u>The parties agree that any motion to seal may be brought on shortened time with permission and/or leave from the Court</u>.  If no explicit assertion is made, or if no motion to seal is filed, the lodged Confidential documents will lose their confidentiality designation and may be treated as Non-Confidential under this Order.

(H)  This Order shall be without prejudice to the right of the parties to:

   1. Bring before the Court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or,

   2. Present a motion to the Court under F.R.C.P. Rule 26(c ) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein; or;

   3. Make in any future application for modification of this Order;

(I)  Prior to hearing or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving Confidential Information will be raised, shall so advise the Court;

(J)  Nothing in this Order, nor the production of any information or document under the terms of this Order, shall be deemed to have the effect of an admission or waiver of objections or privileges by either party; or of altering the confidentiality or non-confidentiality of any such document or information; or of altering any existing right or obligation of any party or absence thereof;

(K)  This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not and does not become known to the public; and to the extent that the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within thirty (30) days of the dismissal or entry of final judgment in this action, whichever occurs first, plaintiffs and their counsel shall return to counsel for defendant City of Vallejo, at its business address, 1211 Newell Avenue, Walnut Creek, CA 94596, all confidential materials and any and all copies thereof;

(L)  Violations of this Protective Order may subject the violator and/or the violating party and/or their counsel to monetary and/or evidentiary sanctions per Order of the Court; and,

(M)  All documents ordered produced by Magistrate Judge Gregory G. Hollows' Order of June 1, 2007 were produced to plaintiffs' counsel on June 6, 2007.

LAW OFFICES OF GAYLA B. LIBET

Dated: _____  By: _____
GAYLA B. LIBET, Esq.
Attorneys for Plaintiffs

LAW OFFICES OF JOHN L. BURRIS

Dated: _____  By: _____
JOHN L. BURRIS, Esq.
Attorneys for Plaintiffs

McNAMARA, DODGE,NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

Dated: _____  By: _____
JAMES V. FITZGERALD, III, Esq.
NOAH BLECHMAN, Esq.
Attorneys for Defendants, CITY OF VALLEJO; ROBERT NICHELINI; JASON POTTS; and, JEREMY PATZER

JONES & DYER

Dated: _____  By: _____
MARK A. JONES, Esq.
Attorneys for Defendant, ERIC JENSEN

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 7/12/07          /s/ Gregory G. Hollows
                        U.S. Magistrate Judge

Deocampo.ord3

## ATTACHMENT "A"

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear, that I am fully familiar with the terms of the Stipulated Protective Order entered in **Jason DeOcampo, et al. v. City of Vallejo, et al., Action No. CV-01283-WBS-GGH**, and hereby agree to comply with and be bound by the terms and conditions of this Stipulated Protective Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of this Court for the purpose of enforcing this Stipulated Protective Order.

Dated: _____   Signature: _____

STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS
ALLEGED TO BE CONFIDENTIAL AND/OR PRIVILEGED BY DEFENDANTS

7