UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JASON EUGENE DEOCAMPO; JESUS SEBASTIAN GRANT; and JAQUEZS TYREE BERRY,<br><br>        Plaintiffs,<br><br>    v.<br><br>JASON POTTS, individually and in his capacity as a Vallejo police officer; JEREMY PATZER, individually and in his capacity as a Vallejo police officer; ERIC JENSEN, individually and in his capacity as a Vallejo police officer; and DOES 1 through 25, inclusive,<br><br>        Defendants. | CIV. NO. 2:06-1283 WBS CMK<br><br>MEMORANDUM AND ORDER RE: MOTION FOR RELIEF FROM FINAL JUDGMENT |

----oo0oo----

Plaintiffs Jason Eugene Deocampo, Jaquezs Tyree Berry, and Jesus Sebastian Grant brought this civil rights action against defendants Jason Potts, Jeremy Patzer, and Eric Jensen arising out of defendants' conduct while employed as police

1

officers by the City of Vallejo ("the City").  Following a stipulated dismissal of plaintiffs' claims against the City and Chief of Police Robert Nichelini, the case went to trial against the remaining defendants.  After a thirteen-day jury trial, Deocampo obtained a judgment of $50,000 against Potts and Jensen.  The court subsequently awarded plaintiffs $314,497.73 in attorney's fees.  Defendants now move for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) on the basis that the judgment and attorney's fee award are liabilities of the City that were discharged in bankruptcy.[1]

Rule 60(b) authorizes a court to relieve a party from a final judgment on the basis, among others, that the judgment has been discharged.  Fed. R. Civ. P. 60(b)(5).  Section 944 of the Bankruptcy Code provides that a municipal entity is discharged of its debts as of the time when its plan of adjustment is confirmed.  11 U.S.C. § 944(b)(1).  Section 901(a) of the Bankruptcy Code also incorporates by reference § 524(a), which provides that a discharge voids any judgment and enjoins any party from collecting on the judgment "to the extent that such judgment is a determination of the personal liability of the debtor."  11 U.S.C. § 524(a)(1)-(2).  The applicability of these provisions therefore turns on whether the judgment against Potts

---

[1] On May 23, 2008, the City filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of California pursuant to Chapter 9 of the Bankruptcy Code.  (See Docket No. 207-1.)  On August 4, 2011, the bankruptcy court confirmed the City's Second Amended Plan of Adjustment.  (See Defs.' Mot. Ex. 4 (Docket No. 207-4).)  The Plan provides, with exceptions not relevant here, that the City is discharged of any liabilities arising prior to August 5, 2011.  (Docket No. 207-3.)

2

and Jensen and the attorney's fee award are liabilities of the City.

At trial, plaintiffs attempted to prove that each of the three officer defendants used excessive force and unlawfully seized them in violation of the Fourth Amendment, and sought damages to remedy the harm they suffered. In so doing, plaintiffs sought--and obtained--relief from Potts and Jensen only in their individual capacities.[2] See Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990). A claim against an officer in his individual capacity seeks to impose personal liability on that officer for his own wrongdoing, and can be executed only against the officer's personal assets. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). As a result, "[a] victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him." Id. at 167-68.

Defendants contend that the judgment and attorney's fee award against Potts and Jensen operate as liabilities of the City because the City is required to defend and indemnify its officers against claims arising out of the scope of their employment. See Cal. Gov't Code §§ 825, 995. However, the Ninth Circuit has

---

[2] Although the caption states that plaintiffs sued each defendant both individually and "in his capacity as a Vallejo police officer," plaintiff did not pursue any claims against the officers in their official capacity at trial. See Cent. Reserve Life Ins. Co. v. Struve, 852 F.2d 1158, 1161 (9th Cir. 1988) (relying on the "basis of the claims asserted and nature of relief sought," rather than the caption, to determine the capacity in which the defendants were sued). In fact, while plaintiffs initially asserted Monell claims against the City and Chief of Police Robert Nichelini, plaintiffs voluntarily dismissed those claims and parties in July 2007, over six years before the trial began. (Docket No. 60.)

repeatedly emphasized in the Eleventh Amendment context that a state's indemnification of its officers is a "'purely intramural arrangement' between a state and its officers" and does not shield those officers from liability for individual-capacity claims, even when the judgment will ultimately be paid out of the state's treasury.  Demery v. Kupperman, 735 F.2d 1139, 1147 (9th Cir. 1984) (quoting Ronwin v. Shapiro, 657 F.2d 1071, 1074 n.5 (9th Cir. 1981)); see also Ashker v. Cal. Dep't of Corr., 112 F.3d 392, 395 (9th Cir. 1997) ("Following Demery, we hold California's indemnification of Brodeur and Astorga does not render California the real party in interest.").

        Two judges in this district have applied Demery to hold that the City's Plan of Adjustment does not discharge liabilities against officers of the City in their individual capacities, even though the City must indemnify them.  For instance, in Wilson v. City of Vallejo, the court reasoned that because "[t]he Ninth Circuit has found that section 1983 claims against public officials in their individual capacities are distinguishable from claims against the employing public entity regardless of California's indemnification laws . . . [t]he City's discharge of its liabilities did not result in discharge of the individual officers' liabilities as well."  Civ. No. 2:12-547 JAM CKD, 2013 WL 4780742, at *3 (E.D. Cal. Sept. 5, 2013).  And in V.W. ex rel. Barber v. City of Vallejo, the court held that "a claim against a City official is not essentially one against the City for bankruptcy discharge purposes, even if state law requires the City to indemnify the official."  Civ. No. 2:12-1629 LKK GGH, 2013 WL 3992403, at *6 (E.D. Cal. Aug. 2, 2013).  In so holding,

the court emphasized that "'indemnification' is a claim separate and apart from the Section 1983 liability claim that underlies it," and that an officer's right to bring an action for indemnity against the City does not transmute the plaintiff's claim against the officer into one against the City itself. Id. at *7.

Defendants contend that Wilson and V.W. are contrary to the consensus of courts in this district that claims against an officer in his individual capacity are treated as claims against the City itself for bankruptcy purposes. Not so. The cases defendants cite uniformly concern whether 11 U.S.C. §§ 362 and 922, which govern stays of litigation during bankruptcy proceedings, also apply to stay an action against an officer of the municipality in his individual capacity. See, e.g., In re City of Stockton, 484 B.R. 372, 378-79 (E.D. Cal. B.R. 2012) (Klein, J.); Tavake v. Allied Ins. Co., Civ. No. 2:11-3259 KJM DAD PS, 2013 WL 35611, at *2-3 (E.D. Cal. Jan. 2, 2013); Smith-Downs v. City of Stockton, Civ. No. 2:10-2495, 2012 WL 3202265, at *1-2 (E.D. Cal. Aug. 3, 2012). Those courts have justified staying actions against individual officers on a variety of grounds, including the avoidance of duplicative litigation while Chapter 9 proceedings are ongoing, see Tavake, 2011 WL 35611 at *3, the difficulty of disaggregating litigation against the officers from litigation against the municipality, see Smith-Downs, 2012 WL 3202265 at *2, and preventing parties from circumventing the automatic stay provisions of § 922, City of Stockton, 484 B.R. at 377-78.

These concerns are inapplicable here: the City is not a party to this action, plaintiffs have dismissed their Monell

5

1  claims against the City and Chief Nichelini with prejudice, the
2  automatic stay has been lifted, and the City's plan of adjustment
3  has already resolved any pending litigation between the City and
4  its creditors.  Even if an action against an officer in his
5  individual capacity must be stayed during ongoing Chapter 9
6  proceedings, defendants have cited no authority for the
7  proposition that a judgment against that officer is discharged
8  upon approval of the City's plan of adjustment.  By contrast,
9  multiple cases have explicitly held the opposite.  See, e.g.,
10 Wilson, 2013 WL 4780742 at *3; V.W., 2013 WL 3992403 at *7.
11 Accordingly, because the judgment against Potts and Jensen and
12 the attorney's fee award were not discharged in bankruptcy, the
13 court must deny defendants' motion for relief from final
14 judgment.

    IT IS THEREFORE ORDERED that defendants' motion for relief from final judgment be, and the same hereby is, DENIED.

Dated:  May 21, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6