UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JASON EUGENE DEOCAMPO; JESUS SEBASTIAN GRANT; and JAQUEZS TYREE BERRY,<br><br>            Plaintiffs,<br><br>     v.<br><br>JASON POTTS, individually and in his capacity as a Vallejo police officer; JEREMY PATZER, individually and in his capacity as a Vallejo police officer; ERIC JENSEN, individually and in his capacity as a Vallejo police officer; and DOES 1 through 25, inclusive,<br><br>            Defendants. | CIV. NO. 2:06-1283 WBS CMK<br><br><u>AMENDED MEMORANDUM AND ORDER RE: MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES</u> |

----oo0oo----

Plaintiffs Jason Eugene Deocampo, Jesus Grant, and Jaquezs Berry brought this action against defendants Jason Potts, Jeremy Patzer, and Eric Jensen arising out of alleged police misconduct. In 2013, a jury found that Potts and Jensen had used

1

excessive force in the course of arresting Deocampo and awarded Deocampo $50,000 in damages.  The court subsequently awarded plaintiffs $314,497.73 in attorney's fees pursuant to 42 U.S.C. § 1988.  (Docket No. 204.)  Plaintiffs now move for a supplemental award of attorney's fees for: (1) time spent by plaintiffs' counsel, Pamela Y. Price, on litigating the original fees motion; (2) time spent by plaintiffs' counsel addressing a motion for relief from judgment filed by defendants.

As the court explained in its previous Order granting attorney's fees, plaintiffs are entitled to attorney's fees because they were the prevailing parties in an action under 42 U.S.C. § 1988(b).  Defendants did not dispute that plaintiffs were entitled to fees, did not appeal the court's Order awarding fees to plaintiffs, and do not dispute that plaintiffs are entitled to a supplemental award of fees.  Rather, they dispute the size of the supplemental fee award requested by plaintiffs.

Courts typically determine the amount of a fee award under § 1988 in two stages.  First, courts apply the "'lodestar' method to determine what constitutes a reasonable attorney's fee."  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted).  Second, "after computing the lodestar figure, district courts may adjust that figure pursuant to a variety of factors."  Id. at 1209 (citation and internal quotation marks omitted); see also Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (enumerating factors on which courts may rely in adjusting the lodestar figure).  The Ninth Circuit has emphasized that a district court need not consider every factor; rather, it must apply the Kerr factors

2

only to the extent that those factors "bear on the reasonableness of a fee award." Morales v. City of San Rafael, 96 F.3d 359, 361 (9th Cir. 1996).

I.    Fees for Rule 60(b) Motion

After the court awarded plaintiffs attorney's fees, defendants sought relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) on the basis that the judgment and attorney's fee award were liabilities of the City of Vallejo that were discharged in bankruptcy. The court denied the motion on May 21, 2014. (Docket No. 211.) Plaintiffs now seek to recover a total of $10,422.75 in attorney's fees for time spent opposing the motion.

   A.    Reasonable Number of Hours

Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation," Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008), and "should exclude hours 'that are excessive, redundant, or otherwise unnecessary,'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). That standard is qualified by the Ninth Circuit's admonition that, as a general rule, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112.

Plaintiffs' counsel John Burris indicates that his firm staffed four attorneys on this matter and that those attorneys spent a total of 43.15 hours opposing defendants' Rule 60(b) motion. Defendants argue that this time should be reduced

3

because there was no need to staff four attorneys on the case or to require multiple attorneys to do the same work, such as reviewing pleadings, conducting legal research, or drafting an opposition to defendants' Rule 60(b) motion.  But as numerous district courts have recognized, staffing multiple attorneys on a single task may improve a party's chance of success in litigation and does not always constitute unnecessary duplication of effort.  See, e.g., PSM Holding Corp. v. Nat'l Farm Fin. Corp., 743 F. Supp. 2d 1136, 1157 (C.D. Cal. 2010) ("[D]ivision of responsibility may make it necessary for more than one attorney to attend activities such as depositions and hearings.  Multiple attorneys may be essential for planning strategy, eliciting testimony or evaluating facts or law." (citation and internal quotation marks omitted)); United States v. City & County of San Francisco, 748 F. Supp. 1416, 1421 (N.D. Cal. 1990) (noting that "the presence of several attorneys at strategy sessions for complex civil rights class actions may be crucial to the case").  Having independently reviewed plaintiffs' billing entries, the court cannot identify a single one that is sufficiently excessive to justify second-guessing plaintiffs' "professional judgment" about how to allocate attorney time.  Moreno, 534 F.3d at 1112.

Defendants then argue that the court should reduce the hours billed by plaintiffs' attorneys because many of those hours were improperly block billed.  "Block billing is the time-keeping method by which each lawyer and legal assistant enters the total . . . time spent working on a case, rather than itemizing the time expended on specific tasks."  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation and internal

1  quotation marks omitted).  Although a court may reduce hours that
2  are block-billed, see id. at 948, it may also choose not to
3  reduce hours that are purportedly block billed if the
4  corresponding time entries "are detailed enough for the [c]ourt
5  to assess the reasonableness of the hours billed."  Campbell v.
6  Nat'l Passenger R.R. Corp., 718 F. Supp. 2d 1093, 1103 (N.D. Cal.
7  2010).

8       While the court's prior Order granting attorney's fees
9  identified numerous instances of block billing, the supplemental
10 billing statements submitted by plaintiffs are largely free of
11 block-billed entries.  On the few occasions where a single
12 billing entry contains multiple items, those items appear to be
13 related parts of a single task.  For instance, one of Burris's
14 time entries consists of two hours for "review[ing] and
15 consider[ing]" plaintiffs' opposition and a telephone conference
16 with Curry regarding that opposition.  (Docket No. 217-2.)
17 Likewise, Curry billed five hours for "review[ing] and
18 revis[ing]" plaintiffs' opposition, as well as "creat[ing]
19 tables" and "review[ing] and confirm[ing] citations."  (Id.)

20      This is not the sort of "block billing" that permits
21 attorneys to artificially pad their billed hours. See Yeager v.
22 Bowlin, Civ. No. 2:08-102 WBS JFM, 2010 WL 1689225, at *1 (E.D.
23 Cal. Apr. 26, 2010), aff'd, 495 Fed. App'x 780 (9th Cir. 2012)
24 (noting that block billing is problematic because it "hides
25 accountability and may increase time by 10% to 30% by lumping
26 together tasks" (citation and internal quotation marks omitted)).
27 The court will therefore apply no reduction to hours that
28 defendants characterize as block-billed.

5

1          In sum, the court finds that attorney DeWitt Lacy
2    reasonably billed 11.55 hours, attorney Ayana Curry reasonably
3    billed 22.1 hours, attorney Benjamin Nisenbaum reasonably billed
4    5.05 hours, and Burris reasonably billed 3.6 hours.
5         B.   Reasonable Hourly Rate
6              "In addition to computing a reasonable number of hours,
7    the district court must determine a reasonable hourly rate to use
8    for attorneys and paralegals in computing the lodestar amount."
9    Gonzalez, 729 F.3d at 1205 (citation omitted).  A reasonable
10   hourly rate is not defined "by reference to the rates actually
11   charged by the prevailing party." Chalmers v. City of Los
12   Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).  Rather, "[t]he
13   Supreme Court has consistently held that reasonable fees 'are to
14   be calculated according to the prevailing market rates in the
15   relevant community.'" Van Skike v. Dir., Off. of Workers' Comp.
16   Programs, 557 F.3d 1041, 1046 (9th Cir. 2009) (quoting Blum v.
17   Stetson, 465 U.S. 886, 895 (1984)).
18             The court previously determined, and the parties agree,
19   that Burris is entitled to a reasonable hourly rate of $400 and
20   that Lacy is entitled to a reasonable hourly rate of $175.  Curry
21   and Nisenbaum were admitted to the California bar in 2001 and
22   2002, respectively, and have practiced consistently since then.
23   Courts in this district have found that an hourly rate between
24   $250 and $280 is reasonable for attorneys with ten or more years
25   of experience in civil rights cases.  See, e.g., Hall v. City of
26   Fairfield, Civ. No. 2:10-508 DAD, 2014 WL 1286001, at *6-7 (E.D.
27   Cal. Mar. 31, 2014) (finding that an hourly rate of $260 was
28   appropriate for an attorney with twelve years of experience);

Jones v. County of Sacramento, Civ. No. 2:09-1025 DAD, 2011 WL 3584332, at *9-10 (E.D. Cal. Aug. 12, 2011) (finding that an hourly rate of $250 was appropriate for an attorney with ten years of civil litigation experience); Cal. Pro-Life Council, Inc. v. Randolph, Civ. No. 2:00-1698 FCD GGH, 2008 WL 4453627, at *4 (E.D. Cal. Sep. 30, 2008) (noting that prevailing rates in Sacramento for partners with over ten years of experience range between $260 and $280).

While the prevailing hourly rate for attorneys with ten or more years of experience is between $250 and $280, the court previously awarded attorney Gayla Libet, an attorney with almost three decades of experience, an hourly rate of $280 in this case; it would be excessive to award Curry and Nisenbaum, who have practiced for two decades less than Libet, the same hourly rate. Accordingly, the court determines that both Curry and Nisenbaum are entitled to a reasonable hourly rate of $250.

### C. Adjustments to the Lodestar

Once the court has computed the lodestar, there is a "'strong presumption' that the lodestar is the reasonable fee." Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). However, the Ninth Circuit has emphasized that the district court must consider "whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." Morales, 96 F.3d at 363-64 (citations omitted). Those factors include:

(1) the time and labor required, (2) the novelty and

7

       difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 670. "The court should consider the factors established by Kerr, but need not discuss each factor." Eiden v. Thrifty Payless Inc., 407 F. Supp. 2d 1165, 1168 n.4 (E.D. Cal. 2005) (citing Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983)).

       Here, the Rule 60(b) motion filed by defendants sought relief from the judgment and the attorney's fee award, which collectively amount to over $364,000, on the basis that they were liabilities of the City of Vallejo and were thereby discharged in its Chapter 9 bankruptcy. That motion not only threatened the viability of the entire judgment, but raised critical issues at the intersection of bankruptcy and civil rights law that demanded the expertise of experienced civil rights attorneys. Defendants do not offer any reasons why the Kerr factors militate in favor of reducing a supplemental attorney's fee award. Accordingly, the court need not apply any adjustment to the lodestar.

       In sum, the court finds that Burris reasonably billed 3.6 hours at an hourly rate of $400, that Curry reasonably billed 22.1 hours at an hourly rate of $250, that Nisenbaum reasonably billed 5.05 hours at an hourly rate of $250, and that Lacy reasonably billed 11.55 hours at an hourly rate of $175. This

8

results in an attorney's fee award of $10,248.75, computed as follows:

```
        Burris:      3.6   x  $400  =  $1,440.00
        Curry:      22.1   x  $250  =  $5,525.00
        Nisenbaum:   5.05  x  $250  =  $1,262.50
        Lacy:       11.55  x  $175  =  $2,021.25
                                       $10,248.75
```

## II. Supplemental Fees on Fees

In its previous Order granting attorney's fees, the court stated that plaintiffs' attorney Pamela Y. Price was entitled to recover "fees on fees" for her work litigating the attorney's fees disputes in this case, including for work performed after she had submitted her initial billing statements but before the court could determine plaintiffs' entitlement to attorney's fees. The court also determined that Price was entitled to a reasonable hourly rate of $400 for these services in light of her experience and credentials. The court directed Price to submit a supplemental declaration outlining the number of hours she spent on the fees motion after December 5, 2013.

Price has submitted a consolidated billing statement reflecting time spent on three basic items: (1) additional services involved in litigating the original fees motion; (2) time spent preparing the supplemental declaration ordered by the court; and (3) time spent on the present motion for supplemental attorney's fees. While defendants contend that the fees Price billed for these items is excessive, the court has reviewed her billing statement and finds that none of the entries she has recorded are excessive or reflect improper billing judgment.

1       Accordingly, the court finds that Price is entitled to
2  $11,620.00 in supplemental attorney's fees, reflecting 29.05
3  hours of work at a reasonable hourly rate of $400.  Combined with
4  the supplemental fee award of $10,248.75 for time spent
5  litigating the Rule 60(b) motion, this results in a total
6  attorney's fee award of $21,868.75.
7       IT IS THEREFORE ORDERED that plaintiffs' motion for
8  supplemental attorney's fees be, and the same hereby is, GRANTED
9  in the amount of $21,868.75.
10 Dated:  August 25, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE