UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JASON EUGENE DEOCAMPO; JESUS SEBASTIAN GRANT; and JAQUEZS TYREE BERRY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JASON POTTS, individually and in his capacity as a Vallejo police officer; JEREMY PATZER, individually and in his capacity as a Vallejo police officer; ERIC JENSEN, individually and in his capacity as a Vallejo police officer; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | CIV. NO. 2:06-1283 WBS CMK<br><br>MEMORANDUM AND ORDER RE: SECOND SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND MOTION FOR LEAVE TO DEPOSIT MONEY WITH THE COURT |

----oo0oo----

Plaintiffs Jason Eugene Deocampo, Jesus Grant, and Jaquezs Berry brought this action against defendants Jason Potts, Jeremy Patzer, and Eric Jensen arising out of alleged police misconduct. In 2013, a jury found that Potts and Jensen had used

1

excessive force in the course of arresting Deocampo and awarded Deocampo $50,000 in damages.  The court subsequently awarded plaintiffs $314,497.73 in attorney's fees pursuant to 42 U.S.C. § 1988.  (Docket No. 204.)  The court later awarded plaintiffs $21,868.75 in supplemental attorney's fees for time spent by plaintiffs' counsel litigating the original fees motion and addressing a motion for relief from judgment filed by defendants under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (Docket No. 228.)

Plaintiffs now move for an award of attorney's fees for time spent opposing defendants' appeal of the denial of their Rule 60(b) motion and in preparing their second supplemental fee application.  (Docket No. 237.)  Defendants oppose this motion and also move to deposit the judgment and fee awards with the court based on the County of Solano's claims against Deocampo for Deocampo's unpaid support payments.  (Docket No. 240.)

I.   Fee Application

   1.   Timeliness of Fee Application

Defendants first oppose plaintiffs' fee application contending that the application was untimely.  After the court denied plaintiffs' Rule 60(b) motion, plaintiffs appealed to the Ninth Circuit, which affirmed on September 8, 2016.  Defendants then filed a petition for rehearing and rehearing en banc, which the Ninth Circuit denied on October 25, 2016.  Plaintiffs then timely filed with the Ninth Circuit their unopposed motion to transfer consideration of attorney's fees on appeal on November 7, 2016.  After the Ninth Circuit granted the motion to transfer, plaintiffs filed their motion for attorney's fees with this court

on December 17, 2016.[1]

Defendants concede that the motion to transfer was timely. However, they contend that, notwithstanding the motion to transfer, plaintiffs were required to file their application for attorney's fees within fourteen days of the Ninth Circuit's denial of defendants' petition for rehearing. Because the Ninth Circuit denied the petition for rehearing on October 25, 2016, defendants claim that the deadline for any motion for attorney's fees was November 8, 2016 and thus plaintiffs' December 17, 2016 motion for fees is untimely.

Ninth Circuit Rule 9-1.6(a), which governs applications for attorney's fees on appeal, reads:

> Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed. If a timely petition for rehearing is filed, the request for attorneys fees shall be filed no later than 14 days after the Court's disposition of the petition.

However, Ninth Circuit Rule 39-1.8 allows fee applicants to request the transfer of attorney's fees motions to the district court by filing "within the time permitted in Circuit Rule 39-1.6 . . . a motion to transfer consideration of attorneys fees on appeal to the district court . . . from which the appeal was taken."

As discussed by this court in Hobson v. Orthodontic Centers of America, Civ. No. 02-0886 WBS PAN, 2007 WL 1795731, at

---

[1] The motion to transfer sought, in the alternative, to extend the time to file a motion for attorney's fees. The Ninth Circuit's order granting the motion to transfer did not address the request for an extension of time.

3

*2 (E.D. Cal. June 20, 2007), reading these two rules together, "[w]hen a motion to transfer is filed, it is not clear that the attorney's fee motion itself has to be filed at all with the Ninth Circuit."  Another court looking at this same issue explained "because the Rules seek to implement a remedial statute whose goal is to reward plaintiffs whose attorneys win civil rights cases, they should be construed in favor of the plaintiff."  Freitag v. Cal. Dep't of Corr., NO. C00-2278 TEH, 2009 WL 2485552, * 1 (N.D. Cal. Aug. 12, 2009) (holding that plaintiff who timely filed a motion to transfer her fee application to the district court was not required to also file her fee application within the same fourteen-day deadline).  Thus, given the ambiguity regarding whether a party must file an application for appellate attorney's fees within fourteen days of final disposition of the appeal when it has also filed a motion to transfer, the court construes Rules 39-1.6 and 39-1.8 in favor of plaintiffs and holds that plaintiffs' motion for supplemental attorney's fees was not untimely in light of plaintiffs' timely motion to transfer.[2]

---

[2]   Defendants' cited cases are not to the contrary.  Cummings v. Connell, 402 F.3d 936, 947-48 (9th Cir. 2005), holds only that a district court may not rule on an appellate fee application unless and until the request has been transferred to the district court by the circuit court.  Natural Resources Defense Council, Inc. v. Winter, 543 F.3d 1152, 1164 (9th Cir 2008), holds only that under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), a prevailing party may request attorney's fees from the district court notwithstanding Ninth Circuit Rule 39-1.6, as the EAJA explains that the prevailing party may seek fees "in any court having jurisdiction of that action."  Yamada v. Snipes, 786 F.3d 1182, 1208-10 (9th Cir. 2015), establishes only that appellate fees may not be immediately available for a party that wins an interlocutory

The court notes that shortly after the Ninth Circuit granted plaintiff's motion to transfer, this court scheduled a status conference regarding the request for fees, and plaintiff filed their motion shortly before that status conference. Should Circuit Rule 39-1 require that a fee applicant timely file a motion for attorney's fees in the Ninth Circuit, this court finds good cause for Deocampo's delay under Federal Rule of Appellate Procedure 26(b) because no prejudice resulted to defendants. Defendants were able to fully brief and present oral argument of the matter on the merits and do not claim that any prejudice resulted from any delay. See Hobson, 2007 WL 1795731, at *2 (finding good cause for fee applicant's delay in filing his request for appellate attorney's fees because defendants were not prejudiced by the delay). Accordingly, the court will consider the merits of plaintiff's fee application.

---

appeal, as such fees are available only when the party becomes a "prevailing party." Finally, California Pro-Life Council, Inc. v. Randolph, No. CIV S-00-1689 FCD GGH, 2008 WL 4453627, *10 (E.D. Cal. Sept. 30, 2008) (Damrell, J.), explains only that the Ninth Circuit's transfer of consideration of an appellate fee request does not constitute a determination by the Ninth Circuit that fees should be awarded.
    Cummings, 402 F.3d at 948, does state that "Ninth Circuit Rule 39-1.8 authorizes [the appeals court] to transfer a timely-filed fees-on-appeal request to the district court for consideration" (emphasis added), which may suggest that a fee application must be filed within fourteen days even where the applicant files a motion to transfer. However, this statement should be considered dicta, to the extent it could be construed as imposing such a requirement, as the issue in Cummings was whether a district court could rule on a request for appellate attorney's fees where the plaintiffs had not filed their request for fees with the Ninth Circuit, nor had they made a motion to transfer consideration of the request to the district court.

2.   Fee Award

Plaintiffs seek to recover a total of $30,012.50 in attorney's fees for time spent opposing defendants' appeal.  As the court explained in its previous orders granting attorney's fees, plaintiffs are entitled to attorney's fees because they were the prevailing parties in an action under 42 U.S.C. § 1988(b).  Defendants did not appeal the court's prior orders awarding fees to plaintiffs, and do not dispute that plaintiffs are entitled to a supplemental award of fees for work on the appeal, provided that the application was timely.  Rather, they primarily dispute the size of the supplemental fee award requested by plaintiffs.

Courts typically determine the amount of a fee award under § 1988 in two stages.  First, courts apply the "'lodestar' method to determine what constitutes a reasonable attorney's fee."  Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations omitted).  Second, "[a]fter computing the lodestar figure, district courts may adjust that figure pursuant to a variety of factors."  Id. at 1209 (citation and internal quotation marks omitted); see also Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (enumerating factors on which courts may rely in adjusting the lodestar figure); Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996) (same).

A.   Reasonable Number of Hours

Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation," Moreno v. City of Sacramento, 534 F.3d 1106, 1111

6

1  (9th Cir. 2008), and "should exclude hours 'that are excessive,
2  redundant, or otherwise unnecessary,'" McCown v. City of Fontana,
3  565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v.
4  Eckerhart, 461 U.S. 424, 434 (1983)).  That standard is qualified
5  by the Ninth Circuit's admonition that, as a general rule, "the
6  court should defer to the winning lawyer's professional judgment
7  as to how much time he was required to spend on the case."
8  Moreno, 534 F.3d at 1112.
9         Plaintiffs' counsel indicate that their firm staffed
10 four attorneys on the appeal and that those attorneys spent a
11 total of 110.00 hours opposing defendants' appeal.  Defendants
12 argue that this time should be reduced because there was no need
13 to staff four attorneys on the appeal or to require multiple
14 attorneys to do the same work, such as reviewing defendants'
15 briefs and reviewing the record in this case, conferencing on the
16 appeal, moot court practice, and attending oral argument.
17 Defendants also argue that the total number of hours was
18 excessive given that the issues addressed on appeal were
19 identical to those in their Rule 60(b) motion.
20        But as numerous district courts have recognized,
21 staffing multiple attorneys on a single task may improve a
22 party's chance of success in litigation and does not always
23 constitute unnecessary duplication of effort.  See, e.g., PSM
24 Holding Corp. v. Nat'l Farm Fin. Corp., 743 F. Supp. 2d 1136,
25 1157 (C.D. Cal. 2010) ("[D]ivision of responsibility may make it
26 necessary for more than one attorney to attend activities such as
27 depositions and hearings.  Multiple attorneys may be essential
28 for planning strategy, eliciting testimony or evaluating facts or

law." (citation and internal quotation marks omitted)); United States v. City & Cty. of S.F., 748 F. Supp. 1416, 1421 (N.D. Cal. 1990) (noting that "the presence of several attorneys at strategy sessions for complex civil rights class actions may be crucial to the case").  Moreover, this court will not second-guess plaintiffs' counsel's "professional judgment" as to how much time they were required to spend successfully opposing the appeal. See Moreno, 534 F.3d at 1112.  Having independently reviewed plaintiffs' billing entries, the court cannot identify a single one that is sufficiently excessive to justify reducing or disallowing the time billed for the appeal.  See id.

Defendants then argue, as they have in response to plaintiffs' other fee applications, that the court should reduce the hours billed by plaintiffs' attorneys because many of those hours were improperly block billed.  "Block billing is the time-keeping method by which each lawyer . . . enters the total . . . time spent working on a case, rather than itemizing the time expended on specific tasks."  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation and internal quotation marks omitted).  Although a court may reduce hours that are block-billed, see id. at 948, it may also choose not to reduce hours that are purportedly block billed if the corresponding time entries "are detailed enough for the [c]ourt to assess the reasonableness of the hours billed," Campbell v. Nat'l Passenger R.R. Corp., 718 F. Supp. 2d 1093, 1103 (N.D. Cal. 2010).

The court recognizes that plaintiffs' counsel's billing entries could be more specific and do not break down the amount

of time spent on each task within a given time entry. Nevertheless, the court finds that almost all of the entries are sufficiently detailed to assess the reasonableness of the hours billed.  See Campbell, 718 F. Supp. 2d at 1103.  The only exceptions are Burris's and Curry's time entries on September 8, 2016 and Curry's entry on October 25, 2016.

In Curry's two entries, she bills 4.0 hours for phone conferences with Burris regarding the Ninth Circuit's opinion "and immediate considerations" as well as "draft press release" and "draft synopsis of opinion for publication."  Both entries appear to be for work largely done on marketing the firm's work to the public, rather than work on the appeal itself.  Similarly, on September 8, 2016, Burris bills .3 hours for a phone conference with Curry regarding the Ninth Circuit's decision and a press release.  Given the use of block billing on these entries, the court cannot tell how much time was spent on the phone conferences, which would be appropriately billed to a client, and the marketing work, which would not.  See Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's client are also not properly billed to one's adversary.").  Thus, the court will apply a three-hour reduction to Curry's total requested hours and a .2-hour reduction to Burris' total requested hours.  The court will not otherwise apply a reduction to hours that defendants characterize as block-billed.

In sum, the court finds that attorney John L. Burris reasonably billed 4.3 hours, DeWitt M. Lacy reasonably billed 8.0 hours, attorney Ayana C. Curry reasonably billed 88.5 hours, and attorney Benjamin Nisenbaum reasonably billed 6.0 hours for their

work on the appeal.

### B. Reasonable Hourly Rate

"In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys . . . in computing the lodestar amount." Gonzalez, 729 F.3d at 1205 (citation omitted). A reasonable hourly rate is not defined "by reference to the rates actually charged by the prevailing party." Chalmers v. City of L.A., 796 F.2d 1205, 1210 (9th Cir. 1986). Rather, "[t]he Supreme Court has consistently held that reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community.'" Van Skike v. Dir., Off. of Workers' Comp. Programs, 557 F.3d 1041, 1046 (9th Cir. 2009) (quoting Blum v. Stetson, 465 U.S. 886, 895 (1984)).

The court previously determined, and the parties agree, that Burris is entitled to a reasonable hourly rate of $400 and that Lacy is entitled to a reasonable hourly rate of $175. The court also previously held that Curry and Nisenbaum were entitled to a reasonable hourly rate of $250. The court explained that 1) Curry and Nisenbaum were admitted to the California bar in 2001 and 2002; 2) courts in this district have found that an hourly rate between $250 and $280 is reasonable for attorneys with ten or more years of experience in civil rights cases; 3) the court had previously awarded attorney Gayla Libet, an attorney with almost three decades of experience, an hourly rate of $280 in this case; and 4) it would be excessive to award Curry and Nisenbaum, who have practiced for two decades less than Libet, the same hourly rate. (Docket No. 228 at 6-7.)

Plaintiffs ask that the court apply a reasonable hourly rate of $275 for Curry's and Nisenbaum's feesbased on their additional appellate and trial experience gained through other cases during the pendency of the appeal. The court recognizes that it previously awarded Curry and Nisenbaum an hourly rate of $250, but it notes that 1) two and half years have passed since that fee award, 2) the court previously determined that prevailing rate for attorneys with Curry's and Nisenbaum's experience was $250 to $280 an hour, 3) both attorneys have gained significant additional experience since the court's prior fee award, and 4) this appeal presented a novel issue. In light of these factors, the court determines that both Curry and Nisenbaum are entitled to a reasonable hourly rate of $275 for their work on the appeal.[3]

### C. Adjustments to the Lodestar

Once the court has computed the lodestar, there is a "'strong presumption' that the lodestar is the reasonable fee." Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). However, the Ninth Circuit has emphasized that the district court must consider "whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the Kerr factors that are not already subsumed in the initial lodestar calculation." Morales, 96 F.3d at 363-64 (citations omitted). Those factors

---

[3] The court also notes that while this case was litigated in the Eastern District of California and the court's chambers are in Sacramento, the appeal was argued in San Francisco, where the prevailing market rates are significantly higher than in Sacramento.

11

include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 670. "The court should consider the factors established by Kerr, but need not discuss each factor." Eiden v. Thrifty Payless Inc., 407 F. Supp. 2d 1165, 1168 n.4 (E.D. Cal. 2005) (citing Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983)).

Here, defendants' appeal sought relief from the jury and attorney's fee awards, which collectively amount to about $386,000, on the basis that they were liabilities of the City of Vallejo and were thereby discharged in its Chapter 9 bankruptcy. Thus, the appeal not only threatened the viability of the entire judgment, but raised critical issues at the intersection of bankruptcy and civil rights law that demanded the expertise of experienced civil rights attorneys. The fact that the parties litigated these issues before this court does not obviate the need for further work researching and briefing the appeal and preparing for oral argument. Thus, the court rejects defendants' contention that the Kerr factors warrant reduction of a supplemental attorney's fee award, and the court need not apply any adjustment to the lodestar.

In sum, the court finds that Burris reasonably billed 4.3 hours at an hourly rate of $400, that Curry reasonably billed 88.5 hours at an hourly rate of $275, that Nisenbaum reasonably billed 6.0 hours at an hourly rate of $275, and that Lacy reasonably billed 8.0 hours at an hourly rate of $175.  This results in an attorney's fee award of $29,107.50, computed as follows:

| | | | | | |
|---|---|---|---|---|---|
| Burris: | 4.3 | x | $400 | = | $1,720.00 |
| Curry: | 88.5 | x | $275 | = | $24,337.50 |
| Nisenbaum: | 6.0 | x | $275 | = | $1,650.00 |
| Lacy: | 8.0 | x | $175 | = | <u>$1,400.00</u> |
| | | | | | $29,107.50 |

D.   Supplemental Fees on Fees

In its prior order granting supplemental attorney's fees, the court stated that plaintiffs' attorneys were entitled to recover "fees on fees" for their work litigating the attorney's fees disputes in this case and awarded supplemental attorney's fees in the amount of $10,248.75 for such work. Plaintiffs now seek supplemental attorney's fees for 11 hours of work by attorney Curry for her work preparing the instant fee application at a rate of $275 an hour, for a total of $3,025 in fees.  Defendants contend that the fees Curry billed for the fee application are flawed by impermissible block billing and are excessive given that plaintiffs have already filed two other attorney's fees motions.  However, the court has reviewed her billing statements and finds that none of the entries she recorded for the fee application are excessive or lack sufficient

13

detail in light of the posture of this case.[4]  The court will also apply the $275 hourly rate it previously found appropriate for Curry's work in this case.

Accordingly, the court finds that Curry is entitled to $3,025 in supplemental attorney's fees for her work on the fee application, reflecting 11 hours of work at a reasonable hourly rate of $275.  Combined with the supplemental fee award of $29,107.50 for time spent opposing defendants' appeal, this results in a total attorney's fee award of $32,132.50.

II.  Motion to Deposit

Defendants request to deposit the full amount of the judgment against them with the court, including any award of attorney's fees, based on the County of Solano's claim against Deocampo for unpaid support payments, in order to cease incurring interest "during the pendency of the dispute between Deocampo and the County of Solano."  (Docket No. 240.)  Since defendants filed their motion, the County of Solano Department of Child Support Services has filed a declaration and various state court documents, including judgments obtained by the County against Deocampo, in support of its claim that Deocampo owes $182,786.43 in past due child support payments.  (Docket No. 245 at 5.)

Under Federal Rule of Civil Procedure 67 ("Rule 67"), "a party-- upon notice to every other party, and by leave of court--may deposit with the court all or any part of" of a sum of money.  The purpose of this rule is "to relieve the depositor of

---

[4] The court notes that second supplemental fee application presented the new issues of the timeliness of an appellate fee application and an adjustment in the reasonable hourly rate for two attorneys.

14

responsibility for a fund in dispute." Gulf States Util. Co. v. Ala. Power Co., 824 F.2d 1465, 1474 (5th Cir. 1987).  The decision whether to allow the deposit of funds is left to the discretion of the district court.  Garrick v. Weaver, 888 F.2d 687, 694 (10th Cir. 1989).

The court declines to exercise its discretion to allow a deposit of the judgment against defendants, as the County's claims have no relevance to the claims Deocampo made against defendants in this case.[5]  The court recognizes that a claimant to a disputed fund need not necessarily be a party to the case.  See Alstom Caribe, Inc. v. George P. Reintjes Co., 484 F.3d 106, 114 (1st Cir. 2007) (citation omitted).  Nevertheless, the court is unaware of any case, and the defendants and the County of Solano have cited none, where a court allowed a deposit based on a non-party's claim on the judgment due to a preexisting debt under state law that has no connection to the events at issue in the underlying case.  Moreover, no lien has been filed by the County in this court, and its lien in state court is against the City of Vallejo, which is not a party to this case.[6]  Thus, there is presently no "dispute" under Rule 67 over the jury award and attorney's fee awards that the court needs to resolve.

The court also notes that neither defendants nor the

---

[5] The court expresses no opinion on the validity of the County of Solano's claims against Deocampo or the City of Vallejo for unpaid support.

[6] Plaintiff's counsel Pamela Price filed a lien in this court in response to the Motion to Deposit, though Ms. Price's co-counsel represented at oral argument that this lien would be withdrawn if the motion to deposit was denied.

1  County have cited any authority establishing that this court has
2  jurisdiction to resolve the underlying dispute between Deocampo
3  and the County of Solano.  The County of Solano has never sought
4  to intervene in this case and intervention would likely not be
5  appropriate even if it had sought to intervene.  See Law Offices
6  of David Efron, P.C. v. Candelario, 842 F.3d 780, 784 (1st Cir.
7  2016) (under Federal Rule of Civil Procedure 24(b)(1) whether a
8  federal court has ancillary jurisdiction over intervenor claims
9  "will depend on whether the claim of the would-be intervenor is
10 so related to the original action that it may properly be
11 regarded as ancillary to it") (citation omitted).  Granting leave
12 to deposit funds with the court makes no sense unless it is clear
13 that the court has power to resolve any dispute over the funds.
14 Because the County's claims against Deocampo have no relation to
15 this case and neither defendants nor the County have established
16 that the court could resolve the County's claims to any funds
17 deposited with the court, the court must deny the motion for
18 leave to deposit.
19         IT IS THEREFORE ORDERED that plaintiffs' second
20 supplemental motion for attorney's fees (Docket No. 237) be, and
21 the same hereby is, GRANTED in the amount of $32,132.50.
22 Defendants' motion for leave to deposit money with the court
23 (Docket No. 240) is DENIED.
24 Dated:  January 24, 2017

                             _____
                             WILLIAM B. SHUBB
                             UNITED STATES DISTRICT JUDGE