**FILED**

OCT 25 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
　　　DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON EUGENE DEOCAMPO; et al., | Case No.: 2:06-CV-01283-WBS-CMK |
| Plaintiffs, | |
| vs. | **Letter to Court from Jason Deocampo** |
| JASON POTTS, et al., | |
| Defendants. | |

Good morning or Afternoon Hon. William B. Shubb:

    First, let me start by thanking you for taking the time out of your busy schedule and important position to read my letter. Now, your Honorable Shubb I'm going to try and refresh your memory about my Civil lawsuit. My case 2:06-cv-01283-WBS-CMK finally came in front of you in September 2012. Remind your Honorable Shubb my case took about 10 years to be heard in your court!

    Back in 2003, after I was viciously attack by Vallejo Police Officers, Jason Potts and Eric Jensen aka "Jump Out Boys". I hired Mr. Burris to represent, speak, and to convey important court proceedings that dealt with case 2:06-cv-01283-WBS-CMK. During this time I was victimizes by these Police Officers, I was even victimized more by my attorney Mr. Burris. My counsel engaged in "neglectful, negligent and unethical conduct".

    Your Honorable Shubb let me take you back to approximately June 2012. Settlement negotiation took place at your office, which is located in Walnut Creek, California. Present at this particular meeting was Norman H. DeOcampo Sr., Jesus Sebastian Grant, Jaquezs Berry, Mr. Burris, and myself (Jason Eugene DeOcampo). Mr. Burris step out of the conference room to talk with the city attorneys for the city of Vallejo. Upon Mr. Burris return he states, "the city had made an offer and I think its a pretty good offer. Since this is a 10-year old case, the city will only have to pay us 20-30 percent due to bankruptcy, we should really consider their offer. Their offer was $100,000 collectively, I would get majority because I got injured which would have been about $60,000. Grant and Berry would split the remaining $40,000". At this time I told Mr. Burris that this collectively offer is unacceptable!

    Now, your Honorable Shubb, Mr. Burris schedule another meeting in his office in Oakland a few days after the meeting in Walnut Creek. Present at the meeting was Norman H. DeOcampo Sr. and I. Mr. Burris states, "they made another offer, their offer is $125,000. If I was 10-years younger I would take this case to trial but I'm not. I'm a businessman now and I'm good at making business decision". I asked Mr. Burris is he a lawyer or businessman? I'm a businessman was his reply. Mr. Burris fail to provide me effective representation and conduct proper pre-trial and trial preparation.

    In July 2012, few weeks prior to trial Mr. Burris files motion to withdraw from trial. Honorable Shubb do you recall Mr. Burris reasons to withdraw? Mr. Burris states, "I'm hostile, conflict between plaintiffs, and I'm irrational'. Which I didn't appreciate being called irrational! I recall your Honorable Shubb stating, "I see it all the time lawyers recommend lower settlement, lawyers trying too withdraw, where do that leave your client? Have you seek alternative counsel for your client?" Mr Burris states, "N0." During this time Mr. Burris added another lawyer to counsel his name is DeWitt Lacy. Also I been asking Mr. Burris for transcripts for the case which he never supplied me.

    July 8, 2012, I receive a phone call from Mr. Burris office, It's a lady name Maxine. Maxine states, "Mr. Burris spent $30,000 already on my case. Mr. Burris doesn't want to spend another $30,000, you're going to need expert witnesses, going to trial is 50/50 chance, jury is white people and they don't like us, I been here for 10 years, cases are becoming harder to prove, Mr. Burris might not recover his costs, you should settle because of 23.5 percent, Mr. Burris is also subjected to the 23.5 percent, I should go back and asked for another $10,000. July 25, 2012, Mr. Burris calls me and say they offered $250,000 collectively. This offer I turned down as well, don't understand why their offers are always collectively, and Mr. Burris has individual contracts with Grant, Berry, & myself.

    Trial begins approximately September 2012, in The United States District Court Eastern District of California. I asked counsel DeWitt Lacy about all the witnesses involved in my case. Lacy states, "located all the witnesses, but we cannot force the to show up". Next I asked Mr. Lacy, why not? There is a document called a subpoenas. Mr. Burris and Mr. Lacy ignored me. Mr. Burris states, "We have enough witnesses". Over lunch one day, Mr. Burris states, "I've sued these officers a few times". I asked Mr. Burris, why is this evidence not being used in our case". Mr. Burris then states, "I made an agreement with the city attorneys to keep our

backgrounds out of the trial". Next, I told Mr. Burris they have no background to use against me, why have you not conveyed this important issue with us? His clients!

During the trial, I recall your Honorable Shubb calling for a recess, and jury being excused from the courtroom. At this time your Honorable Shubb states, "Mr. Burris you know you have to object to something in this trial, or your clients will lose their rights for an appeal." Day of verdict Mr. Burris is not present. Jury denied 11 of 12 claims, including racial discrimination. Upon exiting your Honorable Shubb courtroom, I asked Mr. Lacy to filed an appeal. Mr. Lacy states, "you had your day in court and it's nothing to appeal!

Keep in mind your Honorable Shubb approximately 3 years later, in September 2016, I was awaking by numerous phone calls. In many of these phone calls I received, I was informed that I was in many newspaper articles throughout California! Remind your Honorable Shubb, there hasn't been any contact between Mr. Burris, Mr. Lacy or his office and myself. After reading a few articles this one particular article caught my eyes, it was titled "Ruling in 2003 Vallejo police excessive force case upheld." Which appeared in Vallejo Times Herald (See Attached Articles) and The Davis Vanguard titled "Justice Watch: Justice for Man Beaten in Vallejo;.

Next, I immediately tried to reach Mr. Burris, and I left numerous messages. Neither Mr. Lacy or Mr. Burris returned any of my calls! A week passed and I made contact with Mr. Lacy. Now Mr. Lacy states, "I know you've seen the newspapers by now, we won". Also, Mr. Lacy states, "I know it been some time but I would have to wait a few more weeks while the officers appeal this decision". Not heard from Mr. Lacy for some time now. I called Mr. Lacy now he states, "officers choose not to appeal decision". I asked Mr. Lacy, when were you going to inform me of that news? Then I asks Mr. Lacy, when could we meet?

About a week later Mr. Lacy, my father and I meet in their office. Still haven't heard from Mr. Burris. I showed Mr. Lacy the article from the Vallejo Times Herald. Mr. Lacy replies, "you cannot believe everything you read in the newspaper'. During this time Mr. Lacy and myself exchanged many texts and phone calls. Approximately March, or April 2017 received call from Mr. Lacy to meet him in the office. When I arrived I was escorted to a conference room. After about 45 minutes Mr. Burris comes in and hands me a check for $50,000 and said good luck young man. After all these years have past by and this was my first contact with my attorney Mr. Burris!

A few weeks had past, I contacted the California Bar and filed a formal complaint against Mr. Burris and Mr. Lacy. A few weeks have past and I received a letter back from Bar. The letter said we have received your complaint and requested documents from your attorneys. But, after many attempts of trying to reach your attorneys, we have closed your case! Next, I contacted the Ninth Circuit of Appeal and was advice to return to The United States District Court Eastern District of California.

So, I contacted your Courtroom Deputy Mrs. Karen Kirksey Smith and decided to write your Honorable Shubb. Hoping your Honorable Shubb could help me receive my due process! Which I didn't obtained or received with the help of Mr. Burris, Mr. Lacy, and his office. A case of this magnitude, Mr. Burris totally disrespected my family and I and his fiduciary duty. Since, I wasn't part of this rogue attorney personal agenda, he did whatever to sabotage my civil case. Now, I'm hoping your Honorable Shubb could help me or have some alternative option for dealing with this situation. Once again, I would like to thank your Honorable for taking the time out of your important day to read my letter!

YOUR RESPECTFULLY

[signature]

Topix › California › Solano County › Vallejo › Ruling in 2003 Vallejo police excessi...

# Ruling in 2003 Vallejo police excessive force case upheld

Posted in the Vallejo Forum

Vallejo ▼   NEWS   FORUMS                                    SECTIONS ▼

Leave a Comment        ⊕ Track Replies

Help my 5-yr-old son to fight against a deadly cancer, he urgently needs chemo.

Ketto  www.ketto.org                                    VISIT SITE

**VALLEJO JOBS**

Customer Relations Representative
Capitol City Expansion
Vallejo, CA, USA

Customer Service New!
San Pablo Auto Body, Inc.
San Pablo, CA, USA

Full Time / Part Time Customer Service Representative
Aspire Beyond Marketing Solutions Inc.
Hercules, CA, USA

See More Jobs

Jobs by ZipRecruiter

Post to **Topix** and **100+ Job Boards** with One Submission

Post a Job FREE

ZipRecruiter

## COMMENTS

1 - 2 of 2 Comments | Last updated Sep 9, 2016

**Anonymous**
Vallejo, CA

#1 | Sep 9, 2016

Ruling in 2003 Vallejo police excessive force case upheld
http://www.timesheraldonline.com/general-news...

Thirteen years after an Iraqi war veteran was beat by Vallejo police officers, the Ninth Circuit Court of Appeals ruled Thursday that the responsible officers must pay at least $350,000 in damages.

Jason Deocampo was targeted by officers Jason Potts and Eric Jensen in 2003 after he asked the officers why they had grabbed and slammed another man, Jaquezs Barry, to the ground for what Deocampo said was no apparent reason.

According to a 52-page document released by the Ninth Circuit Court of Appeals' office, the officers "beat Deocampo with their batons, and refused to stop even when he raised his hands in the air and said he would leave."

Officers also pepper-sprayed and beat Jesus Grant, another man who was standing on the street with the two other victims.

After the incident, Barry, Deocampo and Grant were "falsely arrested and charged with resisting, delaying and obstructing the police," according to the document. These charges would later be dismissed in court.

Deocampo suffered injuries to his knee and back and later underwent knee surgery. His attorney, DeWitt Lacy, said Deocampo still cannot walk without pain.

Three years after the attack, the men filed a lawsuit against the City of Vallejo, Vallejo's chief of police and the responsible officers for excessive-force and other constitutional claims.

In 2008, Vallejo filed for bankruptcy. This move, along with the creation of an "Adjustment of Debts" plan which became binding in 2011, meant the City of Vallejo would only have to pay approximately 20 to 30 percent of the value of any litigation claims under $500,000.

Following a 13-day trial in 2012, the jury found Deocampo's excessive force claims legitimate and awarded $50,000 in compensatory damages and $400,000 in legal fees.

The involved officers appealed the ruling on Thursday saying the amount should be reduced according to the "Adjustment of Debts" plan, but the Ninth Circuit Court of Appeals upheld the decision that the individual officers involved

in the case were responsible for paying this cost, not the city of Vallejo.

During the ruling, Judge Kim Wardlaw explained the civil rights case had successfully sued the involved officers, not their employer, and the awarded amount would not be reduced by the "Adjustment of Debts" plan.

Wardlaw also explained Potts and Jensen would not suffer financially because the Vallejo Police Department is required to reimburse the officers.

"At the time of the lawsuit Vallejo was in bankruptcy and they sought to use the bankruptcy to protect the city and the officers from paying for this grievous beating," said civil rights attorney John Burris."This decision means that police officers cannot use the city's bankruptcy to hide from paying for their misconduct. The ninth circuit has reaffirmed that the officers must pay at least $350,000 which is as it should be.

"The decision was a long time coming for Mr. Deocampo, a military veteran, who was beaten and chased by Vallejo officers ostensible because he asking questions about the officers physical conduct toward a young man in the neighborhood," Burris added."This decision will have a major impact on others cases where cities in bankruptcy want to insulate their officers from paying for their misconduct."

Judge it!    Report Abuse    Reply »

**GEE**
Mountain View, CA

#2 | Sep 9, 2016

During the ruling, Judge Kim Wardlaw explained the civil rights case had successfully sued the involved officers, not their employer, and the awarded amount would not be reduced by the Â"Adjustment of DebtsÂ" plan. Wardlaw also explained Potts and Jensen would not suffer financially because the Vallejo Police Department is required to reimburse the officers.

****

Wait, wait wait.....not being an attorney nor a judge .....but an uneducated taxpayer with obviously very limited comprehension skills, I am at a loss (in more ways than one). I know that cases often get settled out of court for thousands of dollars because they are considered nuisance claims, mostly accidents, etc. that if brought before court would involve more effort than the monetary award given (and accepted by the injured party). You and I usually realize higher premiums because of this habit.

....the civil rights case had successfully sued the officers,**not their employer**..... but, Potts and Jensen would NOT suffer financially because the VPD ( the employer/and subsequently the taxpayer of this fair city) is required to reimburse the officers.

I would call this arrangement a brilliantly negotiated sugar plum. What negotiation team figured this out and slipped it into our already over the top contracts for our civil servants? For a city with a multitude of problems that seemingly never can get resolved, the itty bitty items (like the reimbursement scheme) that no one outside of the negotiation team thinks about always find a place in this or that contract. In the military we used to call that covering your own ass.....

What the hay, is this the reason why our courts are overburdened and spin their wheels? Can it be considered job security to drag out cases over years without resolution and once settled the taxpayer has to open their skinny wallet because the party involved in the beat down will have the monetary judgment against them reimbursed?

Reimbursed does mean, imho, getting back the amount handed over to the other party, returning to me what I paid (advanced) to someone else.... and I did not accrue any loss because of my whatever I did that set this whole cluster in motion.

Well tell you what... if I ever get sued in court and I lose I want to get a deal like Potts & Jensen.

Judge it!    Report Abuse    Reply »

**Quiz: Can You Name All These Iconic Rock Bands?**



**Quiz: Can You Name These Beloved TV Shows?**



**QUIZ: Can You Guess These 1980s TV Shows From An Image?**

PERSONAL FINANCE

**MONEY MARKET/SAVINGS**

| **Provident Credit Union** | APY: **0.31%** |
|---|---|
| Min. to Earn APY: **$25** I Promo APY: **0.31%** Last Updated: 10/17/2018 | |
| **Sallie Mae.** | APY: **2.00%** |
| Min. to Earn APY: **$1** I Promo APY: **2.00%** Last Updated: 10/17/2018 | |
| **CIT Bank** | APY: **1.85%** |
| Min. to Earn APY: **$1** I Promo APY: **2.15%** Last Updated: 10/17/2018 | |

Data provided by Informa Research Services. Click here for more details on rate assumptions and criteria

**VALLEJO MORTGAGES**

Get current mortgage rates and quotes from multiple lenders in .

| Amount: | Loan Type: | Points |
|---|---|---|
| 250,000 | 15 Year Fixed | 0 |

See all Rates   or   Search Selected

**TRENDING NOW**

| 1 | Tropical Storm | 6 | Pope Francis |
| 2 | Supreme Court | 7 | U.S. Open |
| 3 | Mexico | 8 | Serena Williams |
| 4 | Tiger Woods | 9 | Hurricane |
| 5 | Afghanistan | 10 | China |

Justice Watch: Justice for Man Beaten in Vallejo; Man Gets Tased for ...serting His Rights in Colorado; Bite Marks Analysis | Davis Vanguard    10/18/18, 11:28 AM

Case 2:06-cv-01283-WBS-CMK    Document 250    Filed 10/25/18    Page 6 of 6

## Justice Watch: Justice for Man Beaten in Vallejo; Man Gets Tased for Asserting His Rights in Colorado; Bite Marks Analysis



*Attorney John Burris*

**Police Officers Must Personally Pay At Least $350,000 For 2003 Beating of Iraqi War Veteran**

*9th Circuit Court Decides That Vallejo Bankruptcy Does Not Shield Cops*

(From Press Release) – This week, the Ninth Circuit Court of Appeals upheld a 2012 judgment and attorney's fee award against several individual City of Vallejo police officers who used excessive force back in 2003, against Iraqi war veteran Jason Deocampo, for shoving and beating the US former Air Force officer with their batons, whose arms were raised over his head in surrender while complying with their commands.

The Ninth Circuit addressed, for the first time, the effect of Vallejo's municipal bankruptcy on a judgment and attorney's fees award against Vallejo police officers, finding that the bankruptcy had no effect on the judgment and attorney's fee award at all.

The Ninth Circuit reaffirmed long-standing precedent that a judgment in Section 1983 civil rights claim against officers in their personal capacities are the officers' personal liability and not that of their municipal employer-City of Vallejo. This decision is vitally important making it clear that cities cannot use bankruptcy as a basis to reduce the debt owed to plaintiffs who suffered civil rights violations at the hands of police officers. Even when California law allows the municipalities to indemnify officers found liable for violating a person's civil rights, indemnification by a bankrupt city cannot reduce the debt owed to the officers' victims.

Civil Rights attorney John Burris stated today "At the time of the law suit Vallejo was in bankruptcy and they sought to use the bankruptcy to protect the city and the officers from paying for this grievous beating." Burris ecstatically stated, "This decision means that police officers cannot use the City's bankruptcy to hide from paying for their misconduct . . . the Ninth Circuit has reaffirmed that the officers must pay at least $350,000 which (is) as it should be," says Burris.

Burris further stated, "The decision was a long time coming for Mr. Deocampo, a military veteran, who was beaten and chased by Vallejo officers ostensibly because he (was) asking questions about the officers' physical conduct toward a young man in the neighborhood. Burris said (that) "it, his decision, will have a major impact on others cases where Cities in bankruptcy want to insulate their officers from paying for their misconduct."

**Man Gets Tased For Asserting His Constitutional Rights**

**By John Krieger**

Police in Aurora, Colorado, got a call about a man pulling a gun on a kid. They had no description of the suspect. On their way to the scene, they stopped two Black men walking down the sidewalk.

Darsean Kelley, one of the men, followed the officers' orders to hold his hands above his head and turn around. His repeated requests for an explanation as to why they had been detained went unanswered. Even though it was clear he had no weapons and he was no threat to the officers, Darsean was tased in the back just as he said, "I know my rights." Darsean fell backwards and hit his head on the pavement.

The officers had no reason to detain them. They had done nothing wrong. When Darsean asked to talk to the officer's boss, noting that there were witnesses to the tasing, the officer responded, "Hey, look right here. It's all on video, sweetheart."